**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THEODORA HOLLAND and AGUSTIN ISLAS, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>MACY'S INC., DEPARTMENT STORES NATIONAL BANK, and FDS BANK,<br><br>　　　　　　Defendants. | **CASE NO. \_\_\_\_\_**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Theodora Holland and Agustin Islas ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

### NATURE OF THE ACTION

1. Between January 28, 2016 and February 23, 2016, Defendants Macy's Inc., Department Stores National Bank ("DSNB"), and FDS Bank ("FDS") (collectively "Defendants" or "Macy's") made at least 36 calls to Plaintiff Theodora Holland on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  For example, on February 8, 2016, Macy's called Ms. Holland five times.  Four times on February 9, 2016.  Four times on February 12, 2016. Twice on February 15, 2016.  And again five times on February 16, 2016.  Ms. Holland did not give Defendants prior express written consent to make these calls.  The following chart shows each date and time that Macy's called Ms. Holland's cellular telephone number:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 1/28/16 | 9:23 AM | (800) 511-3207 |
| 1/28/16 | 12:48 PM | (800) 511-3207 |
| 2/1/16 | 3:07 PM | (800) 511-3207 |
| 2/3/16 | 12:49 PM | (800) 511-3207 |
| 2/5/16 | 2:39 PM | (800) 511-3207 |
| 2/5/16 | 6:39 PM | (800) 511-3207 |
| 2/8/16 | 3:02 PM | (800) 511-3207 |
| 2/8/16 | 3:17 PM | (800) 511-3207 |
| 2/8/16 | 6:18 PM | (800) 511-3207 |
| 2/8/16 | 6:34 PM | (800) 511-3207 |
| 2/8/16 | 6:49 PM | (800) 511-3207 |
| 2/9/16 | 1:11 PM | (800) 511-3207 |
| 2/9/16 | 1:56 PM | (800) 511-3207 |
| 2/9/16 | 4:28 PM | (800) 511-3207 |
| 2/9/16 | 5:12 PM | (800) 511-3207 |
| 2/12/16 | 5:37 PM | (800) 511-3207 |

| | | |
|---|---|---|
| 2/12/16 | 5:53 PM | (800) 511-3207 |
| 2/12/16 | 6:08 PM | (800) 511-3207 |
| 2/12/16 | 6:24 PM | (800) 511-3207 |
| 2/15/16 | 8:27 PM | (800) 511-3207 |
| 2/15/16 | 8:42 PM | (800) 511-3207 |
| 2/16/16 | 1:57 PM | (800) 511-3207 |
| 2/16/16 | 2:12 PM | (800) 511-3207 |
| 2/16/16 | 5:13 PM | (800) 511-3207 |
| 2/16/16 | 5:28 PM | (800) 511-3207 |
| 2/16/16 | 5:42 PM | (800) 511-3207 |
| 2/19/16 | 1:54 PM | (800) 511-3207 |
| 2/19/16 | 6:21 PM | (800) 511-3207 |
| 2/22/16 | 6:15 PM | (800) 511-3207 |
| 2/22/16 | 6:31 PM | (800) 511-3207 |
| 2/22/16 | 6:46 PM | (800) 511-3207 |
| 2/22/16 | 7:02 PM | (800) 511-3207 |
| 2/23/16 | 12:24 PM | (800) 511-3207 |
| 2/23/16 | 12:39 PM | (800) 511-3207 |
| 2/23/16 | 4:17 PM | (800) 511-3207 |
| 2/23/16 | 4:33 PM | (800) 511-3207 |

2.      In total, Macy's called Ms. Holland at least 36 times using an autodialer and/or artificial or prerecorded voice without her prior express written consent.  Upon answering the calls, Plaintiff Holland heard a pause or dead air prior to being connected, indicating the use of an automatic telephone dialing system.

3.      Plaintiff Agustin Islas received a similar barrage of automated telephone calls from Defendants.  Between January 11, 2016 and January 25, 2016, Defendants made at least 25 calls to Mr. Islas on his cellular telephone using an autodialer and/or an artificial or prerecorded voice.  For example, Macy's autodialed Mr. Islas three times on January 11, 2016.  Three times on January 13, 2016.  Again on January 15, 2016.  Four times on January 18, 2016.  Four times on January 20, 2016.  Four times on January 21, 2016.  Three times on January 22, 2016.  And three times on January 25, 2016.  To make matters worse, Macy's started this daily harassment

before 8:00 a.m. Mr. Islas did not give Macy's prior express written consent to make these calls. The following chart shows each date and time that Macy's called Mr. Islas on his cellular telephone number:

| Date | Time | Number Calling |
|---|---|---|
| 1/11/16 | 7:53 AM | (800) 511-3207 |
| 1/11/16 | 10:55 AM | (800) 511-3207 |
| 1/11/16 | 1:56 PM | (800) 511-3207 |
| 1/13/16 | 7:46 AM | (800) 511-3207 |
| 1/13/16 | 10:47 AM | (800) 511-3207 |
| 1/13/16 | 1:48 PM | (800) 511-3207 |
| 1/15/16 | 7:43 AM | (800) 511-3207 |
| 1/18/16 | 7:53 AM | (800) 511-3207 |
| 1/18/16 | 10:54 AM | (800) 511-3207 |
| 1/18/16 | 1:55 PM | (800) 511-3207 |
| 1/18/16 | 4:55 PM | (800) 511-3207 |
| 1/20/16 | 7:41 AM | (800) 511-3207 |
| 1/20/16 | 10:42 AM | (800) 511-3207 |
| 1/20/16 | 1:43 PM | (800) 511-3207 |
| 1/20/16 | 4:43 PM | (800) 511-3207 |
| 1/21/16 | 7:31 AM | (800) 511-3207 |
| 1/21/16 | 10:32 AM | (800) 511-3207 |
| 1/21/16 | 1:33 PM | (800) 511-3207 |
| 1/21/16 | 4:34 PM | (800) 511-3207 |
| 1/22/16 | 7:37 AM | (800) 511-3207 |
| 1/22/16 | 10:38 AM | (800) 511-3207 |
| 1/22/16 | 1:39 PM | (800) 511-3207 |
| 1/25/16 | 7:51 AM | (800) 511-3207 |
| 1/25/16 | 10:52 AM | (800) 511-3207 |
| 1/25/16 | 1:54 PM | (800) 511-3207 |

4. In total, Macy's called Ms. Islas at least 25 times using an autodialer and/or artificial or prerecorded voice without her prior express written consent. Upon answering the

calls, Mr. Islas heard a pause or dead air prior to being connected, indicating the use of an automatic telephone dialing system.

5. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

6. Plaintiff Theodora Holland is, and at all times mentioned herein was, a resident of Bronx, New York and a citizen of the State of New York.

7. Plaintiff Agustin Islas is, and at all times mentioned herein was, a resident of Long Beach, California and a citizen of the State of California.

8. Defendant Macy's Inc. is a Delaware corporation with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202.

9. Defendant Department Stores National Bank is a national banking association and the issuer of Macy's credit cards. Its principal place of business is 701 East 60th Street, Sioux Falls, South Dakota. Defendant Department Stores National Bank solicits, advertises to and provides credit cards and financing to consumers residing in New York and throughout the United States.

10. Defendant FDS Bank operates as a subsidiary of Macy's Inc., and is an element of Macy's credit card operations that services consumer credit card accounts. Its principal place of business is located at 9111 Duke Boulevard, Mason, Ohio 45040.

11. Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each Defendant.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

4

here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

13. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

14. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Plaintiff Theodora Holland resides within this district, and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **The Telephone Consumer Protection Act Of 1991**

15. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17. In addition, the TCPA prohibits making "any call" using "an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A)(iii).

18. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because autodialed and prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

19. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will

5

better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Defendants' Robocalls to Plaintiffs and Class Members**

20.     Prior to the calls at issue in this action, Plaintiff Theodora Holland had never had any contact with Defendants.  Ms. Holland does not own a Macy's credit card.  She has never provided Defendants with her telephone number, and has never consented in writing, or otherwise, to receive telephone calls from Defendants.

21.     Similarly, prior to the calls at issue in this action, Plaintiff Islas never consented in writing, or otherwise, to receive telephone calls from Defendants.  Further, on January 11, 2016 and January 12, 2016, Mr. Islas specifically told Defendants to stop calling.

22.     These calls were all placed by DSNB and FDS on behalf of Macy's Inc.

23.     There are a legion of online consumer complaints regarding Defendants' harassing robocalls:

- "8005113207 They are incessant.  I've never had a Macy's account, yet they keep calling.  I blocked this number ages ago, but I checked the log this morning and they called FIVE times in a one hour period.  They just don't give up.  All it does is make me not want to step foot in a Macys ever again."[1]

- "1 800 511 3207 after several missed calls from this number I called back.  The lady was very pushy and rude … I called Macys to double check and guess what …. It is macy's"[2]

- "Caller Type: Telemarketer.  Phone Number Owner: Macy's.  Phone Number Report: Recording says they are calling regarding a business matter with my account.  Account is at zero balance.  Call multiple times a day."[3]

- "I tell them over and over to stop calling I don't know anything about Macy's I block the calls they call me from a different number.  i want it to stop."[4]

- "This number calls me several times a day."[5]

---

[1] http://dncl.me/8005113207.tel?page=11 (last checked March 8, 2016).
[2] http://800notes.com/Phone.aspx/1-800-511-3207/13 (last checked March 8, 2016).
[3] http://www.callercomplaints.com/SearchResult.aspx?Phone=800-511-3207 (last checked March 8, 2016).
[4] *Id.*
[5] *Id.*

6

- "They keep calling multiple times a day and no message. I blocked their phone number after six calls since yesterday."[6]

- "Call comes every hour or so asking me to call this number back. Claims that they are Macy's. STOP CALLING ME!"[7]

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

25. Plaintiffs propose the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period from July 23, 2015 to the date that class notice is disseminated.

26. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Robocall Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

27. Plaintiffs also propose the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendants; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period from July 23, 2015 to the date that class notice is disseminated.

28. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Autodialer

---

[6] *Id.*
[7] *Id.*

Class are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

29. Plaintiffs also propose the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying any of the Defendants that they no longer wished to receive calls from or on behalf of any of the Defendants; (b) received one or more calls from or on behalf of Defendants; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period from July 23, 2015 to the date that class notice is disseminated.

30. Collectively, all these persons will be referred to as the "IDNCL Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the IDNCL Class are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

31. Plaintiffs do not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendants' business, and the number of autodialed robocalls that she received, that the Class is so numerous that individual joinder would be impracticable.

32. Plaintiffs and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electricity charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

33. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed class can be identified easily through records maintained by Defendants.

34. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions

8

which may affect individual members of the Classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an autodialer without their prior express written consent;

    b. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    c. Whether Defendants made telephone calls to class members who asked not to be contacted;

    d. Whether Defendants' conduct was knowing and/or willful;

    e. Whether Defendants are liable for damages, and the amount of such damages, and

    f. Whether Defendants should be enjoined from engaging in such conduct in the future.

35. As persons who received numerous and repeated calls on their telephones using an autodialer and/or an artificial or prerecorded voice without their prior express written consent, Plaintiffs assert claims that are typical of each member of the Classes. Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

36. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendants are small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

38. Defendants have acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

39. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiffs and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

43. Plaintiffs and members of the proposed class are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

44. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiffs and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

48. Plaintiffs and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed class the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the Class;

  f.   Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated: March 9, 2016         Respectfully submitted,

               **BURSOR & FISHER, P.A.**

               By: /s *Joshua D. Arisohn*
                  Joshua D. Arisohn

               Scott A. Bursor
               Joseph I. Marchese
               Joshua D. Arisohn
               888 Seventh Avenue
               New York, NY 10019
               Tel: (646) 837-7150
               Fax: (212) 989-9163
               E-Mail: scott@bursor.com
                   jmarchese@bursor.com
                   jarisohn@bursor.com

               *Attorneys for Plaintiffs*